[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2005
THOMAS K. KAHN
CLERK

No. 04-11166
Non-Argument Calendar

_____

D.C. Docket No. 03-00165-CR-1-006

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALCOLM PRITCHETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 24, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, CARNES and PRYOR, Circuit Judges.

Last year we affirmed Malcolm Pritchett's sentence of 156 months

imprisonment for possession with intent to distribute cocaine. United States v.

Pritchett, No. 04-11166 (11th Cir. Nov. 16, 2004) (unpublished). The case is back before us on remand from the Supreme Court for further consideration in light of Booker v. United States, 543 U.S. __, 125 S. Ct. 738 (2005).

As we noted in our prior opinion in this case, Pritchett did raise his Apprendi/Blakely contention in his opening brief to this Court, but he failed to preserve it in the district court. Accordingly, our review is only for plain error. With commendable candor, Pritchett concedes in his post-remand supplemental letter brief that no one knows if his sentence would have been different if the sentencing guidelines had been applied in an advisory instead of mandatory fashion: "If the district court judge in this case had the liberty of increasing or decreasing Pritchett's sentence above or below the guidelines range, he might have given Pritchett a longer sentence, or he might have given him a shorter sentence, or he might have given him the same sentence. The record provides no reason to believe any result is more likely than the other." Appellant's Supp. Br. at 13. That being so, this case is squarely controlled by our recent decision in United States v. Rodriguez, 398 F.3d 1291, 1299-05 (11th Cir. 2005).

Pritchett's contention essentially is that we got it wrong in Rodriguez and should instead have adopted in that case the position that Booker error is structural so that reversal is required in every case of unpreserved error regardless of

2

whether the defendant can show a reasonable probability of a different result if the guidelines had been applied in an advisory way. He acknowledges that his argument "is taken substantially from Judge Tjoflat's dissent [from the denial of rehearing en banc] in <u>United States v. Rodriguez</u>, ___ F.3d ___, 2005 WL 895174 (11th Cir. [Apr. 19,] 2005)." Appellant's Supp. Br. at 5 n.1. That dissent was a dissent, and the law of the circuit is established by the <u>Rodriguez</u> panel opinion, which under the prior precedent rule we are required to follow.

Accordingly, we reinstate our previous opinion in this case affirming the Pritchett's sentence.

**OPINION REINSTATED; AFFIRMED.**